DIXON, Judge.
Appellants in this case are A. J. Strong and his daughter Linda Strong Smelley. They were the plaintiffs in a damage suit against Jimmie Mack Allen and Marathon Insurance Company, the insurer of a pulpwood truck driven by Jimmie Mack Allen. American Security Insurance Company, the collision insurer of the Strong automobile, intervened, seeking to enforce its subrogation rights. This case was consolidated for the purpose of trial with Strong v. American Security Insurance Company, 228 So. 2d 46. After trial on the merits there was judgment in favor of the defendants Allen and Marathon Insurance Company rejecting the demands of Strong and Linda Strong Smelley, as well as the demands of the intervenor.
The accident complained of occurred on September 25, 1967 on U. S. Highway 165 north of Monroe. Linda Jean Strong, the daughter of A. J. Strong, was driving Strong’s Ford automobile in a northerly direction and attempted a left turn into a roadside grocery. The defendant Allen was driving a loaded pulpwood truck in a northerly direction and attempted to pass the slow moving Ford automobile, but collided with it as it made its left turn. At the point of collision, there were yellow lines on each side of the centerline of the highway. Plaintiffs’ home was located on the west side of Highway 165; Linda backed the family automobile out of the driveway into the highway, and then proceeded in a northerly direction toward the roadside store, which was only a short distance from her house, intending to turn left at the store. Her automobile traveled the short distance down the highway at an extremely slow rate of speed estimated at between five and ten miles an hour. The record shows that the loaded pulpwood truck approached the slow moving Ford automobile within the legal speed limits. Linda testified that she saw the truck in her rear view mirror “a long ways back” when she backed into the highway and started down to the store. She testified that she again saw the truck when she was ready to make her turn. On cross-examination a discrepancy was developed between her testimony and a deposition concerning her observation of the ap-. proaching truck.
A witness named Nance saw this accident (except for the actual collision). He was also headed north on the highway, having entered at the point at which Linda intended to leave the highway. Nance also intended to turn left a short distance away, and for that reason observed the road behind him by means of truck mirrors on his vehicle. He saw Linda back into the highway and start north at a very slow' speed with her turn signal on and her left arm out the window. He saw the truck coming in the same direction and saw that the truck had pulled over to pass Linda. He saw Linda attempt to make the turn, but was not looking at the moment of the collision. The truck skidded 157 feet in its left lane before the point of impact.
In his reasons for judgment, the trial judge observed that, since Nance saw the truck approaching at a fast rate of speed and realized that there was likely to be an accident, Linda was guilty of contributory negligence in failing to keep a proper look *46 out and in moving from a position of safety. The evidence in the record adequately supports the conclusion of the district court that Linda was guilty of contributory negligence. R.S. 32:104 provides:
“No person shall turn * * * a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
Consequently, the judgment of the district court is affirmed, at appellants’ cost.